HARRY MITCHELL, Appellant, v. ADDIE M. CAVINESS, Appellee.

**SALES:** Non-Divisibility. One who enters into a non-divisible contract for the purchase of two articles may not demand one and decline the other.

*Appeal from Jefferson District Court.*—SENECA CORNELL, Judge.

FEBRUARY 17, 1919.

SUIT in replevin to recover the possession of a new Overland automobile. The right of possession in plaintiff is laid upon the alleged fact that the plaintiff had purchased and paid for the same. The defense, in general terms, was that, though it was true that the plaintiff had purchased and partially paid for the same, the contract of purchase included the purchase, not only of *one* automobile, but of *two;* and that the plaintiff repudiated his contract, as made, and refused to perform the same; and that he was not, there-

fore, entitled to claim title to one automobile, while refusing to take the other. There was a trial to a jury, and a verdict and judgment for the defendant.—*Affirmed.*

*Leggett & McKemey,* for appellant.

*E. F. Simmons* and *J. W. Lewis,* for appellee.

EVANS, J.—The record before us presents practically nothing but a fact question. The contention for the plaintiff is that the undisputed evidence discloses that he had purchased the automobile in question, and that he was, therefore, entitled to the possession of the same. There is a sense in which it is indisputably true that the plaintiff had purchased the automobile. But, if the evidence on behalf of the defendant is to be deemed true, then the plaintiff purchased the same only in the sense that, by the same contract, he purchased two automobiles, of which this was one. He demands the one and declines the other. Needless to say that, if the contract was as contended by the defendant, the plaintiff cannot repudiate it as to *two* automobiles and claim under it as to *one.*

On behalf of the plaintiff, evidence was introduced, tending to prove that the defendant was a dealer in automobiles; that she entered into an agreement with the plaintiff to deliver to him one new Overland automobile in exchange for an old automobile owned by the plaintiff and $650 of difference; that the plaintiff then and there delivered to her his check for $650. On behalf of the defendant, the evidence tended to prove the contract to be that the defendant agreed to deliver to the plaintiff two Overland automobiles, and to take in exchange therefor the plaintiff's old automobile and $1,795 of difference, and that the plaintiff paid $650 upon the contract; that, at the time of the contract, which occurred on August 4th, it was stipulated that the defendant should have 30 days' time to obtain the second automobile; that she did, in fact, obtain the same by August 7th, at which

time she was ready to deliver to the plaintiff both automo·
biles. The plaintiff demanded the one and refused the other.
The refusal was based, not upon any objection to the ar-
ticle tendered, but upon. the claim that he had not agreed
to purchase two automobiles. The evidence was flatly con-
tradictory. The issue went to the jury under instructions
of which no complaint is made. It is claimed that the ver-
dict of the jury was contrary to one of the instructions of
the court. We do not so find it. The contradiction in the
evidence as to what the real contract was, was submitted as
the issue to the jury. There is a suggestion of error in ap-
pellant's argument on one or two rulings on evidence. An
examination of the record satisfies us that these rulings
furnish no ground of complaint. The judgment below is,
accordingly,—*Affirmed.*

LADD, C. J., SALINGER and STEVENS, JJ., concur.